MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JEFF ALBERTS (JA-9809)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-1038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x
                                      :
UNITED STATES OF AMERICA,
                                      :
              -v.-                          VERIFIED COMPLAINT
                                      :
$79,960.00 in UNITED STATES                 08 Civ.
CURRENCY,                             :

              Defendant in rem.   :
- - - - - - - - - - - - - - - - - - -x

        Plaintiff United States of America, by its attorney,

Michael J. Garcia, United States Attorney for the Southern

District of New York, for its verified complaint alleges, upon

information and belief, as follows:

                    I. JURISDICTION AND VENUE

        1.    This action is brought by the United States of

America seeking the forfeiture of $79,960.00 (the "Defendant-in-

rem Currency").  The Defendant-in-rem Currency is subject to

forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984, as

property involved in transactions in violation of 18 U.S.C. §

1956, and property traceable to such property.  The Defendant-in-

rem Currency is further subject to forfeiture pursuant to 21

U.S.C. § 881(a)(6) on the ground that the Defendant-in-rem

Currency constitutes moneys furnished or intended to be furnished

exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.    Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York and pursuant to 28 U.S.C. § 1395 because the seizure of the Defendant-in-rem Currency occurred in the Southern District of New York.

4.    The Defendant-in-rem Currency is currently in the custody of the United States Customs and Border Protection Seized Property Custodian located at 1210 Corbin Street, Elizabeth, New Jersey.

## II. PROBABLE CAUSE FOR FORFEITURE

5.    On February 16, 2005, members of the New York City Police Department ("NYPD") stopped a 2004 Chrysler Pacifica (New York Registration Number EAE5915) on the corner of Chieflin and Baychester Avenues in Bronx, New York because the vehicle was dodging in and out of driving lanes.

6.    NYPD Officer Thomas Diggs approached the vehicle and observed that the driver, later identified as Rody Rivera ("Rivera"), was not wearing a seat belt.  Officer Diggs also

observed a strong odor of marijuana emanating from inside the vehicle and a quantity of loose marijuana on the console area in the front of the vehicle

      7.   Rivera and the passenger, Juan Martinez ("Martinez") were arrested and brought to the 47th Precinct in Bronx, New York.

      8.   At the precinct, police officers conducted an inventory search of the vehicle. During the search, the officers discovered the Defendant-in-rem Currency inside pockets of jeans that were inside a black suitcase located on the back seat of the vehicle. The money consisted of small-denomination bills packaged in increments of $5,000 and wrapped in numerous rubber bands, which is consistent with the packaging of narcotics trafficking proceeds.

      9.   After receiving <u>Miranda</u> warnings, Rivera told Detective Jose Alomar, from the NYPD's Asset Forfeiture Unit, that the Defendant-in-rem Currency belonged to him and that the money was proceeds from the sale of marijuana. Rivera also stated that he was delivering the money to a friend, whom he did not identify.

      10.   Martinez refused to speak with police officers.

      11.   That same day, an ion scan of the Defendant-in-rem Currency revealed high traces of cocaine.

      12.   On March 26, 2008, Rivera pled guilty, in the

3

Criminal Court of the City of New York, Bronx County, to Unlawful Possession of Marijuana, pursuant to New York Penal Law § 221.05 and received a fine.

 13. On May 12, 2008, Martinez pled guilty, in the Criminal Court of the City of New York, Bronx County, to Unlawful Possession of Marijuana, pursuant to New York Penal Law § 221.05 and received a fine.

III. <u>CLAIM FOR FORFEITURE</u>

 14. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through thirteen of this Verified Complaint.

<u>Sections 981(a)(1)(A) and 1956 of Title 18</u>

 15. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of . . . section 1956 . . . of [Title 18], or any property traceable to such property."

 16. Title 18, United States Code, Section 1956(a)(1) imposes a criminal penalty upon any person who, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity-

> (A) (i) with the intent to promote the carrying
>    on of specified unlawful activity; or

4

        (ii) with intent to engage in conduct
constituting a violation of section 7201
or 7206 of the Internal Revenue Code of
1986; or

   (B)  knowing that the transaction is designed
in whole or in part-

        (i) to conceal or disguise the nature,
the location, the source, the ownership,
or the control of the proceeds of
specified unlawful activity; or

        (ii) to avoid a transaction reporting
requirement under State or Federal Law.

17.  "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any offense listed under 18 U.S.C. § 1961(1).  Section 1961(1) lists as an offense "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotic or other dangerous drugs, punishable under any law of the United States."

18.  By reason of the foregoing, the Defendant-in-rem Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, and property traceable to such property.

### Section 881(a)(6) of Title 21

19. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such

exchanges, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

20.   The Defendant-in-rem Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Subchapter I of Title 21 of the United States Code.

21.   By reason of the above, the Defendant-in-rem Currency is subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America requests that process issue to enforce the forfeiture of the Defendant-in-rem Currency and that all persons having an interest in the Defendant-in-rem Currency be cited to appear and show cause why the forfeiture should not be ordered, and that this Court order forfeiture of the Defendant-in-rem Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just

and proper, together with the costs and disbursements of this
action.

Dated:     New York, New York
           July 25, 2008

                         MICHAEL J. GARCIA
                         United States Attorney for
                         Plaintiff United States of America

           By: _____
                         JEFF ALBERTS
                         Assistant United States Attorney
                         One St. Andrew's Plaza
                         New York, New York 10007
                         (212) 637-1038

7

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

JOSE ALOMAR, being duly sworn, deposes and says that he is a Detective with the New York Police Department, and as such has responsibility for the within action, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge information and belief.

The source of deponent's information and the grounds of his belief are from official records and files of the New York Police Department, the State of New York, the United States Government, and information obtained directly by deponent during his investigation.

_____
JOSE ALOMAR
Detective
New York Police Department

Sworn to before me this
25 day of July, 2008

_____
Notary Public

STEVEN YAGODA
Notary Public - State of New York
No. 01YA6187396
Qualified in Nassau County
My Commission Expires May 19, 20 12

8